UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERAH R. F.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:21-CV-5425-DWC

ORDER

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she evaluated the medical opinion evidence. As this impacted the final disability determination, the ALJ's error is therefore harmful, and this matter is reversed and remanded

ORDER - 1

1  pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security

2  ("Commissioner") for further proceedings consistent with this Order.

3  FACTUAL AND PROCEDURAL HISTORY

4  On November 15, 2017, Plaintiff filed applications for DIB and SSI, alleging disability as

5  of March 17, 2017; the alleged onset date was later amended to September 1, 2017. *See* Dkt. 11,

6  Administrative Record ("AR")15, 373, 380. The application was denied upon initial

7  administrative review and on reconsideration. *See* AR 172–73, 232–33. A hearing was held

8  before Administrative Law Judge ("ALJ") Rebecca Jones on November 30, 2020. *See* AR 118–

9  71. In a decision dated January 26, 2021, the ALJ determined Plaintiff to be not disabled. *See* AR

10  10–35. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council,

11  making the ALJ's decision the final decision of the Commissioner. *See* AR 1–6; 20 C.F.R. §

12  404.981, § 416.1481.

13  In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1)

14  evaluating the medical opinion evidence; (2) discounting the statement of a lay witness; (3)

15  discounting Plaintiff's subjective testimony; and (4) finding Plaintiff's agoraphobia and

16  borderline personality disorder non-severe. Dkt. 13, p. 1.

17  STANDARD OF REVIEW

18  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

19  social security benefits if the ALJ's findings are based on legal error or not supported by

20  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

21  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

22

23

24

**I. Whether the ALJ Properly Evaluated the Medical Opinion Evidence**

Plaintiff assigns error to the ALJ's evaluation of medical opinions from Kimberly Wheeler, Ph.D.; Terilee Wingate, Ph.D.; and Erin Kershisnik, M.D. Dkt. 13, pp. 3–12.

**A. Medical Opinion Standard of Review**

The regulations regarding evaluation of medical evidence have been amended for claims protectively filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). As Plaintiff filed her claims for DIB and SSI on November 15, 2017, the ALJ applied the new regulations. *See* AR 21, 373.

In the new regulations, the Commissioner rescinded Social Security Regulation ("SSR") 06-03p and broadened the definition of acceptable medical sources to include Advanced Practice Registered Nurses (such as nurse practitioners), audiologists, and physician assistants. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also clarified that all medical sources, not just acceptable medical sources, can provide evidence that will be considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

Additionally, the new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The most

important factors are supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2), 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is specifically required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The Ninth Circuit currently requires the ALJ to provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the Ninth Circuit has held the medical opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

At this time, the Ninth Circuit has not issued a decision stating whether it will continue to require an ALJ to provide "clear and convincing" or "specific and legitimate reasons," or some variation of those standards, when analyzing medical opinions. Regardless, it is not clear the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations differs from the current Ninth Circuit standards in any significant respect. The new regulations require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b),

416.920c(a), (b). The new regulations appear to, at the least, require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Furthermore, the Court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision.").

Therefore, based on the above considerations, the Court will determine whether the ALJ's decision is free of legal error and supported by substantial evidence.

**B. Opinion of Dr. Wheeler**

Dr. Wheeler, a psychiatric consultative examiner, completed a psychiatric evaluation consisting of a review of Plaintiff's records, a clinical interview, and a mental status examination on December 14, 2017. *See* AR 744–48. Dr. Wheeler concluded that Plaintiff's symptoms supported diagnoses of recurrent, severe major depression, and generalized anxiety with post-traumatic stress disorder ("PTSD") elements. AR 745–46. As a result of these impairments, Dr. Wheeler further opined that Plaintiff would have marked, or significant, limitations, in her ability to perform activities within a schedule, maintain regular attendance, and be punctual; to adapt to changes in a routine work setting; to communicate and perform effectively in a work setting; and to complete a normal workday and work week without interruptions from psychologically based symptoms. AR 746. Finally, Dr. Wheeler indicated that these limitations could be expected to last for at least ten months with treatment, but qualified the estimate by stating Plaintiff "[m]ay need longer duration," because it was "unclear if there's a resilience there." AR 747.

The ALJ found this opinion unpersuasive, reasoning that it was (1) based on Plaintiff's subjective complaints, when Dr. Wheeler noted "the claimant's story was convoluted"; (2) inconsistent with objective medical evidence; and (3) not descriptive of limitations that could be expected to last beyond 12 months. AR 22.

With respect to the ALJ's first reason, an ALJ may reject a physician's opinion if it is entirely based on a claimant's self-reports that have been properly discounted as incredible. *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (1989)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.,* 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin,* 763 F.3d 1154, 1162 (9th Cir. 2014).

Here, Dr. Wheeler reviewed Plaintiff's records and history, and performed a clinical interview and mental status examination. Clinical interviews and mental status examinations are "objective measures" which "cannot be discounted as a self-report." *Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017). Further, the ALJ has not provided a logical nexus between the Plaintiff's allegedly erroneous statements and Dr. Wheeler's opinion of marked limitations. For example, the ALJ wrote that Plaintiff was able to get along with her doctors, and with Dr. Wheeler herself. Dr. Wheeler did not, however, opine that she has marked limitations in the ability to interact with doctors and psychologists. It is her medical opinion that Plaintiff would be unable to maintain regular attendance and complete a normal workday or work week. AR 746.

To support this finding, the ALJ cited Dr. Wheeler's indication that Plaintiff's "story was convoluted, which would appear to undermine the reliability of any statements [Plaintiff] made

regarding the severity of her symptoms[.]" AR 22. In the clinical interview portion of her evaluation, Dr. Wheeler wrote that Plaintiff's "[s]tory is convoluted, with multiple stressors layering on top of each other." AR 744. The ALJ did not explain how Dr. Wheeler's choice of words had any bearing on "the reliability of" Plaintiff's statements, let alone on Dr. Wheeler's opinion. AR 22. Nor does the Commissioner attempt to explain, on appeal, how the "convoluted" descriptor supports an inference that Plaintiff's statements were unreliable. Dkt. 16, p. 13.

Taking a history from a patient is an important part of any psychological evaluation. The Ninth Circuit Court of Appeals has clarified that professional assessment of mental illness is different from the assessment of physical illness, and observed that psychiatric evaluations necessarily analyze a patient's self-reports:

> Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnosis will always depend in part on the patient's self-report, as well as the clinician's observations of the patient. But such is the nature of psychiatry … Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.

*Buck,* 869 F.3d at 1049.

In sum, the ALJ's finding that Dr. Wheeler's statement was overly reliant on unreliable self-reports was unsupported by substantial evidence.

With respect to the ALJ's second reason, an ALJ need not accept the opinion of a treating source "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, the ALJ found that "[t]he claimant was able to follow instructions, perform tasks, and the mental status examination findings" from Dr. Wheeler and another source "show[ed] no significant degree of difficulty functioning that supports the marked findings." AR 22.

Dr. Wheeler's mental status examination did, however, reveal abnormalities that logically support Dr. Wheeler's opinion regarding marked limitations. Plaintiff was noted to be "tearful through much of the hour," her mood was "dysphoric, anxious" and her affect was "friable." AR 747. Her thought process was "rambling, with incessant flow," and her ability to concentrate was outside normal limits, as she failed to complete more than one serial seven calculation. AR 748. The ALJ failed to explain any basis for her conclusion that these findings in the mental status examination are inconsistent with Dr. Wheeler's opined limitations. *See Blakes v. Barnhart,* 331 F.3d 565, 569 (7th Cir. 2003) (the ALJ must "build an accurate and logical bridge from the evidence to [his] conclusions" so that the court "may afford the claimant meaningful review of the SSA's ultimate findings").

In addition, the ALJ does not point to findings in any other mental status examinations, beyond Plaintiff's ability to be cooperative with medical sources. The Social Security Administration's regulation concerning evidence of functioning in supportive situations is instructive here: "Your ability to complete tasks in settings that are highly structured, or that are less demanding or more supportive than typical work settings does not necessarily demonstrate your ability to complete tasks in the context of regular employment during a normal workday or work week." 20 C.F.R. 404, Subpart P, App'x 1, § 12.00(C)(6)(b) (2016). Plaintiff's ability to cooperate with treating or examining doctors to complete evaluations is not inconsistent with Dr. Wheeler's opined limitations.

Finally, with respect to the ALJ's third reason, a claimant must have an impairment "which has lasted or can be expected to last for a continuous period of not less than 12 months" to be disabled. Dr. Wheeler did not "limit her comments to 10 months" as the ALJ found. AR 22. Dr. Wheeler stated that with continued mental health treatment, Plaintiff's ability to function

would be markedly limited for *at least* the next 10 months, specifically writing "10+" in the space provided on the form. AR 747. She also wrote that she "May need longer duration, unclear if there's a resilience there[.]" *Id.* The error in relying on this statement is highlighted in an examination two years later that showed the same marked limitations. AR 1030–31.

The ALJ's analysis of Dr. Wheeler's opinion was not supported by substantial evidence. Thus, the ALJ erred.

**C. Opinion of Dr. Wingate**

Dr. Wingate evaluated Plaintiff's psychological condition on November 18, 2019, performing a clinical interview and mental status examination, and diagnosed Plaintiff with PTSD, major depressive disorder, and borderline personality traits. *See* AR 1028–35. Because of these impairments, Dr. Wingate opined that Plaintiff would be markedly limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; to communicate and perform effectively in a work setting; to maintain appropriate behavior in a work setting; and to complete a normal workday and work week without interruptions from psychologically based symptoms. AR 1030. In addition, Dr. Wingate noted that Plaintiff's "prognosis for work is guarded to poor." AR 1031.

In finding this opinion unpersuasive, the ALJ reasoned that it was (1) based on Plaintiff's subjective complaints, (2) the evaluation was conducted for the purpose of determining Plaintiff's disability eligibility, meaning Plaintiff had an incentive to lie, and (3) the "check-box" form of the evaluation did not contain objective findings supporting the opinion. AR 22.

As with Dr. Wheeler's opinion, discussed *supra*, the ALJ's first reason is not supported by substantial evidence. With respect to the ALJ's second reason, "'[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them' unless there

is additional evidence demonstrating impropriety." *Case v. Astrue*, 425 F. Appx. 565, 566 (9th Cir. 2011) (quoting *Lester*, 81 F. 3d at 832).

The ALJ cited no such evidence, and there is no finding that Plaintiff actually lied to Dr. Wingate, whether or not she had "incentive" to do so. The ALJ's unsupported suggestion that she lied because she "was likely aware" that her state benefits were dependent upon what she told Dr. Wingate is mere speculation on the part of the ALJ and does not amount to substantial evidence. *Edlund v. Massanari,* 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Wingate's "professional training and experience would have taught [her] how to discount exaggerated statements by patients" *Price v. Colvin,* 794 F.3d 836, 840 (7th Cir. 2015). The ALJ did not question Dr. Wingate's credentials or intellect, and did not offer any rational explanation to support a conclusion that Dr. Wingate lacked that ability to discount exaggerated statements.

With respect to the ALJ's third reason, Dr. Wingate did not merely check boxes on a form. She provided a detailed narrative from her clinical interview, the raw data from the Beck Depression and Beck Anxiety Inventories, and the details from her mental status exam. AR 1028–35. It was only Dr. Wingate's final statement of limitations that was provided in the standardized check-box format, as required by Washington's Department of Social and Health Services. AR 1030–31. Under these circumstances, the fact that a portion of the report was "in a check-box form provides no reason to reject her opinions." *Popa v. Berryhill,* 872 F.3d 901, 907 (9th Cir. 2017).

The ALJ failed to articulate reasoning supported by substantial evidence for discarding Dr. Wingate's opinion on limitations, and this effected further error.

**D. Opinion of Dr. Kershisnik**

In a letter dated June 18, 2018, Erin Kershisnik, M.D., indicated that she had been Plaintiff's treating physician for the past year, and that

> She is currently struggling with issues of chronic pain from endometriosis as well as disabling anxiety, PTSD, and agoraphobia that, in my medical opinion, make it unlikely that she would be able to consistently perform work of any kind at a meaningful living wage. In my experience, she has been proactive and very committed to getting the regular help that she needs and compliant in all of my recommended treatments including seeking regular counseling.

AR 805.

In rejecting this opinion, the ALJ reasoned that it Dr. Kershisnik opined on an issue reserved to the Commissioner of Social Security. The Ninth Circuit has held that a doctor's opinion that it was unlikely that the claimant could sustain full-time competitive employment is not a conclusion reserved to the Commissioner, but is "an assessment based on objective medical evidence of [the claimant's] likelihood of being able to sustain full-time employment given the many medical and mental impairments [claimant] faces and her inability to afford treatment for those conditions." *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). Similarly, here, Dr. Kershisnik did not conclude that Plaintiff could not perform any work but, rather, based on her knowledge of Plaintiff's conditions, opined that Plaintiff was unlikely to consistently perform work to support herself. AR 805. This was a medical assessment and not a conclusory statement on an issue reserved to the Commissioner.

**E. Harmless Error**

The ALJ erred in evaluating the opinions of Drs. Wheeler, Wingate, and Kershisnik. While the ALJ erred, the Court must determine whether this error was harmless. Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner,*

*Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. §2111)).

In this case, the ALJ's error was not harmless. Had the ALJ properly considered the opinions of Drs. Wheeler, Wingate, and Kershisnik, the ALJ may have incorporated limitations opined therein into Plaintiff's residual functional capacity ("RFC"). Had the ALJ incorporated such limitations, in turn, the ultimate disability determination may have changed. Accordingly, the ALJ's error was not harmless and requires reversal.

**II. Other Issues**

Plaintiff also avers that the ALJ erred in evaluating her subjective symptom testimony, a lay witness statement from Plaintiff's mother, and determining Plaintiff's severe impairments at step two of the five-step sequential evaluation. Dkt. 13, pp. 12–17. The Court has directed the ALJ to reassess medical opinion evidence on remand. *See* Section I, *supra*. As Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's symptom testimony, lay witness statements, and Plaintiff's severe impairments, the ALJ shall reconsider these items on remand.

**III. Remand for Additional Proceedings**

Plaintiff asks that, if this Court finds harmful error in the ALJ's decision, the Court remand her case for an award of benefits. Dkt. 13, p. 17. "'The decision whether to remand a

case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

In this case, the Court has directed the ALJ to re-evaluate medical opinion evidence, Plaintiff's subjective symptom testimony, a lay witness statement, and Plaintiff's severe impairments. *See* Sections I.-II., *supra*. Because outstanding issues remain regarding the medical opinion evidence, Plaintiff's testimony, lay witness statements, and the RFC, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 18th day of January, 2022.

David W. Christel
United States Magistrate Judge